UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: ) | CASE No. | 15-21851 (JJT) |
| ) | | |
| JAMES EDWARD WYSOCKI, ) | CHAPTER | 13 |
| DEBTOR. ) | | |
| ) | | |
| ) | | |
| JAMES EDWARD WYSOCKI, ) | | |
| ) | | |
| MOVANT ) | | |
| V. ) | | |
| ) | RE: ECF No. | 106, 114, 117 |
| FIRST NIAGARA BANK, N.A., ) | | |
| ) | | |
| RESPONDENT. ) | | |

## APPEARANCES

James E. Wysocki                                                                                                          Debtor, Pro Se
62 Eagle Brook Drive
Somers, CT 06071

Ilan Markus, Esq.                                                                                                Attorneys for the Defendant
LECLAIRRYAN, A Professional Corporation
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511

James R. Bryne, Esq.
LECLAIRRYAN, A Professional Corporation
755 Main Street, Suite 2000
Hartford, CT 06103

## ORDER AND MEMORANDUM OF DECISION DENYING DEBTOR'S MOTION FOR REINSTITUTION OF AUTOMATIC STAY

     Before the court is the Debtor's Motion for Reinstitution of Automatic Stay ("Motion", ECF No. 106), and responsive pleadings thereto. The Debtor's Motion asks the court to reinstitute the protections of the automatic stay as provided under 11 U.S.C. § 362(a), with

regard to civil proceedings against his interest, if any, in the property where he resides, at 62 Eagle Brook Drive, Somers, Connecticut. Currently before the Second Circuit Court of Appeals is the Debtor's appeal of the Bankruptcy Court's order granting First Niagara Bank, N.A. relief from stay (J.Nevins, ECF No. 63), entered after a plenary hearing. Having carefully reviewed the docket of this case, all of the papers submitted in support of and in opposition to the Motion, and the relevant law, this court concludes that it is bereft of jurisdiction to modify matters on appeal.[1]

The divestiture doctrine provides that the filing of an appeal divests the lower court of its control over matters on appeal. *See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373*. The same principle applies to appeals of bankruptcy court orders. *In re Neuman*, 67 B.R. 99, 101 (S.D.N.Y.1986); *In the Matter of the Commodore Corp*., 87 B.R. 62, 63–64 (Bankr.N.D.Ind.1987) (A bankruptcy court has no jurisdiction "to do anything that impacts on any issue or matters under appeal."). While the court does retain jurisdiction to implement or enforce an order on appeal, it does not, however, retain jurisdiction to expand upon or alter it, as the latter disrupts the appellate process and potentially moots the issue before appeal. *See In re Prudential Lines, Inc*., 170 B.R. 222, 243–45 (S.D.N.Y. 1994).

Because the Motion's prayer for relief asks the court to address substantially the same matters that are the very subject of appellate review, the doctrine of divestiture prevents the court from deciding those issues. Furthermore, while bankruptcy courts have retained jurisdiction in situations where the challenged action implemented or enforced the appealed order, *or* when the issues raised were different from the issues involved in the debtor's appeal (*In re Allen-Main Associates, Ltd. P'ship*, 243 B.R. 606, 608 (Bankr. D. Conn. 1998)(emphasis added), the Motion fails to raise any new, materially different or distinctive issues.

Finally, to the extent that the Debtor's Motion anew assails the standing of First Niagara Bank, N.A. in state court proceedings, this court recognizes that it is restrained by the doctrines of res judicata or collateral estoppel where the state court has previously decided those issues. The state court is appropriately suited to address further collateral attacks in the pending state court proceedings, and doctrines of judicial restraint and abstention make deference to its proceedings appropriate.

Therefore, for these reasons, the Debtor's Motion is **DENIED.**

**IT IS SO ORDERED** at Hartford, Connecticut this 22nd of November 2016.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[1] A hearing on the Debtor's Chapter 13 Plan was held on November 21, 2016, and continued at the Debtor's behest. The Chapter 13 Plan that the Debtor has attempted to vigorously advance essentially restructures various tax obligations that he owes to governmental authorities. In the face of a final state court judgment of foreclosure, it is not tenable for a Chapter 13 Plan to undo the foreclosure, except perhaps through a settlement. As the Debtor's Plan does not address the mortgage foreclosure or ejectment issues, reinstitution of the automatic stay does not seem to advance the purposes of the Chapter 13 proceeding. The Debtor's objections to ejectment and eviction proceedings are appropriately heard and determined in the pending state court proceedings.